## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORRIS WELBORN** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | |
| **TEXTRON MARINE AND LAND,** | * | **JUDGE** |
| **ET. AL.** | * | |
| | * | **MAGISTRATE JUDGE** |

**************************************

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 and further based upon the grounds set forth in this Notice of Removal, defendant, National Railroad Passenger Corporation (Amtrak) hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, where it might originally have been brought. In support of Amtrak's removal of this action it respectively represents:

1. On September 15, 2011 plaintiff, Norris Welborn claiming to be a resident of New Orleans, Louisiana filed a civil suit styled "Norris Welborn versus Textron Marine and Land, et al.," No. 2011-9940, on the docket of Division "K-Section 5" of Civil District Court for the Parish of Orleans, State of Louisiana, seeking unspecified monetary damages. Petitioner Norris Welborn seeks damages allegedly sustained in an accident on April 20, 2011.

00083823

2. As suggested in paragraph I of the Petition for Damages, plaintiff named five extant legal entities: National Railroad Passenger Corporation ("Amtrak"), which is a corporate interstate common carrier by railroad chartered by Act of Congress, having more than fifty (50%) percent of its capital stock owned by the United States of America through the United States Department of Transportation, and with its principal business offices in the District of Columbia; Textron Marine and Land, alleged by plaintiff to be authorized to do and doing business in Orleans Parish, State of Louisiana; DL Peterson Trust/Textron, Inc., alleged by plaintiff to be authorized to do and doing business in Orleans Parish, State of Louisiana; Randall Bray, alleged by plaintiff to be an adult resident of Pearl River, Louisiana; and Liberty Mutual Insurance Company, alleging various acts of negligence that caused the accident of April 20, 2011. See Exhibit A.

3. As of the date of filing of this notice of removal, the record in the Orleans Parish Clerk of Court and Orleans Parish Civil Sheriff does not indicate that any defendant has been served with citation and petition. Amtrak first became aware of the pendency of the Civil District Court action on September 20, 2011, when it was apprised of the pending action by its undersigned counsel.

4. This Honorable Court has subject matter jurisdiction over the claims and demands asserted against Amtrak pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) by virtue of 28 U.S.C. § 1349, because Amtrak is federally chartered and because more than half of Amtrak's capital stock is owned by the United States of America. Pursuant to 28 U.S.C. § 1367 (a), this Honorable Court has subject matter jurisdiction over the claims and demands plaintiff asserts against co-defendants, Textron

Marine and Land, DL Peterson Trust/Textron, Inc., Randall Bray, and Liberty Mutual Insurance Company, since those claims and demands are so related to the claims and demands that plaintiffs assert against Amtrak that they form part of the same case and controversy.

5. The time for removal of this action has not expired, since neither defendant was served with citation and petition more than thirty (30) days prior to the filing of this Notice of Removal.

6. Since the action is not being removed on diversity of citizenship grounds (28 U.S.C. § 1332), the citizenship of the parties and the amount in controversy in this action are irrelevant for removal purposes.

7. Pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 *et seq.*, and without prejudice to any defenses it may have to plaintiffs' claims individually or on behalf of others, Amtrak lawfully and permissibly files this Notice of Removal without securing the consent of its codefendants because they have not been served with process at the time of this removal. *Cf Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir.1988).

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal with the Clerk of this Court, certified copies of this Notice of Removal (excluding the attached state court pleadings which constitute Exhibits to it) will be filed with the Clerk of the Civil District Court for Parish of Orleans, State of Louisiana, and will be served upon counsel for the Plaintiff in the removed action.

9. Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court served immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

WHEREFORE, defendant, National Railroad Passenger Corporation (Amtrak), hereby removes proceeding no. 2011-9940 (K-5) from the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, where it might originally have been brought, for further proceedings in accordance with law.

Respectfully submitted;

/s/ Timothy F. Daniels
TIMOTHY F. DANIELS (LA #16878)
DOW MICHAEL EDWARDS (LA #26874)
STEPHEN G.A. MYERS (LSBA #29999)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, 27th Floor
New Orleans, LA  70130
Telephone:  504-310-2100
Facsimile:  504-310-2101
Attorneys for Defendant,
National Railroad Passenger Corporation
(Amtrak)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing notice was served electronically on all counsel of record using the CM/ECF system this 20th day of September, 2011.

/s/ Timothy F. Daniels
Timothy F. Daniels